

Deborah Cooney, Plaintiff, In Propria Persona
P. O. Box 700013
Wabasso, FL 32970
858-380-6594
celestecan@hotmail.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

CV21   1721

DEBORAH COONEY,

          Plaintiff,

vs.

MOLLY C. DWYER, CLERK OF COURT, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, Individually and In Her Official Capacity; SUSAN Y. SOONG, CLERK OF COURT, OFFICE OF THE CLERK, UNITED STATES DISTRICT COURT, Individually and In Her Official Capacity; THE LYNMOORE AT LAWNWOOD ASSISTED LIVING AND MEMORY CARE;

AND DOES 1-1000, INCLUSIVE;

          Defendants.

**VERIFIED COMPLAINT**

**DEMAND FOR JURY TRIAL**

Comes now the "Plaintiff", Deborah Cooney, in propria persona, to allege and verify the following "Complaint":

## I. INTRODUCTION

1. Pursuant to 42 U.S.C. §1983, Plaintiff seeks declaratory and injunctive relief to address the errors of the "Defendant Clerks", Molly C Dwyer and Susan Y. Soong in the "Underlying Case", Cooney v. San Diego, No. 4:18-cv-01860-JSW in the District Court and No. 19-16180 in the Court of Appeals. Plaintiff seeks compensatory damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A federal tort claim has been filed concurrently, mailed today, March 8, 2021, by US Post. If the tort claim is denied or

VERIFIED COMPLAINT

1

ignored, it may be included in this action. The Underlying Case was brought pursuant to 42 U.S.C. §1983 and other legal theories, including fraud on the court. This action incorporates the Defendant Clerks' violation of Plaintiff's federal rights, as well as the transgressions enumerated against all of the Defendants in the Underlying Case. Plaintiff reserves the right to amend this Complaint to restate the claims in the Underlying Case, if needed. The Lynmoore at Lawnwood Assisted Living and Memory Care, "Defendant Lynmoore" was a defendant in the Underlying Case and is named as a placeholder for all of those claims, in the event that they need to be reinstated here.

## II. JURISDICTION

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under the laws of the United States.

3. This Court has mandamus jurisdiction to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff, pursuant to 28 U.S. Code § 1361.

4. This Court has original jurisdiction over the civil rights claims in this action pursuant to 28 U.S.C. §1343(a).

5. This Court has original jurisdiction over "claims against the United States, for money damages,... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment..." pursuant to 28 U.S. Code § 1346(b)(1).

6. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. §1367(a).

7. The declaratory and injunctive relief requested is authorized by 28 U.S.C. §§2201 and 2202.

VERIFIED COMPLAINT

## III. VENUE

8. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391(b)(1) because Defendants reside in Northern California. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and 28 U.S.C. § 1402(b) because a substantial part of the events and omissions giving rise to the claim occurred in Northern California. The Underlying Case was filed in this Court.

## IV. FACTS

DEFENDANT MOLLY DWYER

9. On October 21, 2019 and March 18, 2020 Defendant Dwyer and/or Doe Defendants 1-20 on Dwyer's behalf, unlawfully and without authority, issued "Orders" dismissing the appeal (by denying the IFP Application) and denying a motion for en banc rehearing in case No. 19-16180. The Orders bore the names of Judges Barry Silverman, William Fletcher, and Johnnie Rawlinson; however, none of these judges issued the Orders, nor did they see any of the case documents.

10. Plaintiff proved that not a single judge saw any case documents, by inserting a request for a notarized verification of receipt on page 10 of the November 4, 2019, "Petition" for En Banc Rehearing, to which she received no response. Defendant Dwyer failed to perform her ministerial duty to circulate the petition to every judge on the Ninth Circuit, pursuant to Appellate Procedure Rule 35, Circuit Advisory note 2. Plaintiff also proved that Judge Fletcher never saw any case documents by sending a certified letter with restricted delivery on August 9, 2019, requesting a notarized verification of receipt, to which she received no response. Furthermore, if the IFP Application had been properly denied by an impartial panel of judges, Plaintiff would have been afforded an opportunity to pay the $505 filing fee, as is just. Instead, the appeal was dismissed with no opportunity to pay the fee.

11. Neither Defendant Dwyer nor Doe Defendants 1-20 had any authority to dismiss the appeal. Neither Defendant Dwyer nor Doe Defendants 1-20 are Article III judges.

12. Defendant Dwyer and/or Doe Defendants 1-20 had previously made attempts to unlawfully derail the appeal. They issued an unlawful Clerk's Order commanding Plaintiff to file the IFP Application in the Ninth Circuit, rather than in the District Court, as required by Rule 24(a)(1) of Appellate Procedure. Plaintiff properly filed the IFP Application in the District Court, which did not consider it, but instead sent it to Defendant Dwyer. Defendant Dwyer and/or Doe Defendants 1-20 issued an unlawful Clerk's Order to show cause regarding the IFP Application, although Plaintiff had already submitted the requested information. Nevertheless, Plaintiff submitted it again.

13. The unlawful actions of Defendant Dwyer and/or Doe Defendants 1-20 were prejudicial because they ended the legal action, foreclosing the requested relief. Defendant Dwyer and/or Doe Defendants 1-20 caused measurable harm to the Plaintiff by depriving her of $20,000,000 in compensatory damages plus costs of $88,000, as well as declaratory and injunctive relief to stop the ongoing abuses described in the Underlying Case. Plaintiff was legally entitled to this relief.

DEFENDANT SUSAN SOONG

14. Plaintiff filed case No. 4:18-cv-01860 on March 22, 2018, in the District Court. The case was assigned to Magistrate Kandis Westmore, who promptly recused herself.

15. Defendant Soong and/or Doe Defendants 21-40 reassigned the case to Magistrate Joseph Spero, but failed to forward him the case documents. Magistrate Spero never saw them.

16. On June 28, 2018, Defendant Soong and/or Doe Defendants 21-60 unlawfully and without authorization issued two orders with Magistrate Spero's name rubber-stamped on them: 1. An

VERIFIED COMPLAINT

4

"Order" directing to Defendant Soong to reassign the case to an Article III judge, and 2. an unlawful "Report" and Recommendation to dismiss the complaint. The Order reassigning the case was redundant, unnecessary, and untimely because Plaintiff had already filed on April 8, 2018, a "Declination" of Magistrate pursuant to 28 U.S. Code § 636(c). Defendant Soong was required to reassign the case upon receipt of the Declination, but she failed to do so. The Report was unauthorized because no judge had ordered it and Magistrate Spero had no authority to file any document in the case after the April 8, 2018, when the Declination was filed. The contents of the unauthorized Report further breached the law. Most importantly, Magistrate Spero, himself, did not issue the Order or the Report, nor did he authorize Defendant Soong or the Doe Defendants 21-60 to do so.

17. On June 28, 2018, Defendant Soong and/or Doe Defendants 21-60 reassigned the case to Judge Jeffrey White, but again failed to forward the case documents. Judge White never saw the case documents, nor did he issue any of the orders in the case, although his name was rubber-stamped on the orders. Again, some of the contents of these unauthorized orders further breached the law.

18. The errors in the Orders were so glaring that even a first-year law student would know better. It is unlikely that Judge White and Magistrate Spero are that incompetent, and we hope that they haven't been unduly influenced. Nevertheless, if Judge White and/or Magistrate Spero testify that they did sign and authorize the flawed Orders, Plaintiff reserves the right to name them as Doe Defendants 251 and 252, respectively, and to amend the pleadings accordingly to show incompetence, undue influence, conflicts of interest, breach of judicial canons, and other theories. The Judge in the case at bar would also have a duty to report their misconduct, pursuant to the Code of Conduct for U.S. Judges, Canon 3B(6).

19. On April 16, 2019, Plaintiff filed a Request for Entry of Default with Defendant Soong, who refused to perform this ministerial duty. Pursuant to Rule 55(a) of Civil Procedure, "the clerk must enter the party's default" when a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit".

20. Neither Defendant Soong nor any of the Doe Defendants 21-60 had any authority to issue orders in the case, nor did they have any such authorization from Judge White or Magistrate Spero. Neither Defendant Soong nor Doe Defendants 21-60 are Article III judges.

21. The unlawful actions of Defendant Soong and/or Doe Defendants 21-60 were prejudicial because they ended the legal action, foreclosing the requested relief. Defendant Soong and/or Doe Defendants 21-60 caused measurable harm to the Plaintiff by depriving her of $20,000,000 in compensatory damages plus costs of $88,000, as well as declaratory and injunctive relief to stop the ongoing abuses described in the Underlying Case. Plaintiff was legally entitled to this relief.

DEFENDANT LYNMOORE

22. Defendant Lynmoore and Doe Defendants 61-250 were defendants in the Underlying Case. The allegations against them can be found in amended complaint in the Underlying Case. They are included in this action in the event that the Court denies the relief requested against the Defendant Clerks and those claims must be restated here.

## V. STATUTE OF LIMITATIONS

23. This claim, filed on March 8, 2021, falls within the one-year statute of limitations for civil rights claims, and well within the two-year statute of limitations set forth in 28 U.S. Code § 2401 for a tort claim. The Underlying Case was terminated on March 18, 2020, and the mandate was issued on March 26, 2020. Under federal law, "a claim accrues when the plaintiff knows or has

reason to know of the injury which is the basis of the action." (Knox v. Davis (9th Cir. 2001) 260 F.3d 1009, 1013.) "The applicable statute of limitations for civil rights actions brought in California under 42 United States Code section 1983 (section 1983) is the one-year statute of limitations for personal injury actions, as provided in Code of Civil Procedure section 340, subdivision (3)." (West Shield Investigations & Security Consultants v. Superior Court (2000) 82 Cal.App.4th 935, 953.) Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues.

## VI. PLAINTIFF RETAINS ALL RIGHTS

24. Plaintiff reserves the right to amend the Complaint to correct legal errors or omissions due to her inexperience in legal matters, or to supplement with additional information which is revealed through discovery, or to adjust for Court rulings, or for any other reason.

25. The true names and capacities of Defendants sued herein as Does 1-1,000, inclusive, are unknown to the Plaintiff, and the Plaintiff therefore sues these Defendants under fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. These fictitiously named Defendants were involved in and were parties to the furtherance of the acts complained of herein.

26. Plaintiff incorporates all paragraphs and causes of action into all other paragraphs and causes of action herein.

27. Plaintiff incorporates all documents submitted in all of the Underlying Cases into the causes of action stated herein. The Underlying Cases include District Court case No. 4:18-cv-01860, Appellate case No. 19-16180, and all cases underlying and included therein.

VERIFIED COMPLAINT

28. Plaintiff wishes to exercise the right to a civil jury trial conferred upon her by the Seventh Amendment to the U.S. Constitution.

### VII. REQUEST FOR RELIEF

29. WHEREFORE, Plaintiff respectfully requests the compensatory, declaratory and injunctive relief herein sought, as well as costs, and such other and further relief as the Court shall deem proper.

**First Claim for Relief**

30. Declare that Defendants Dwyer, Soong, and/or Doe Defendants 1-60 deprived Plaintiff of her First Amendment right to petition for redress of grievances, her Fifth Amendment right to due process of law, and her Seventh Amendment right to a jury trial as described herein.

**Second Claim for Relief**

31. Declare that the judgment in case No. 4:18-cv-01860 is void for lack of jurisdiction because it was not issued by an Article III judge.

**Third Claim for Relief**

32. Issue an injunctive order requiring Defendant Soong to assign case No. 4:18-cv-01860 to an Article III judge and properly submit the case documents to that judge, or alternatively, requiring Defendant Dwyer to properly submit the appeal No. 19-16180 to a three-judge panel upon receipt of Plaintiff's $505 filing fee.

**Fourth Claim for Relief**

33. Issue an injunctive order requiring Defendant Soong to enter the default of the defendants in case No. 4:18-cv-01860 pursuant to Civil Procedure Rule 55(a), as requested by the Plaintiff on April 16, 2019.

**Fifth Claim for Relief**

34. Award the Plaintiff compensatory damages of $20,000,000 plus $88,000 in costs of accruing from all of the Underlying Cases, plus costs in this case, and other relief as deemed proper by the Court. This award may be taxed to Defendants Dwyer, Soong, Does 1-60, and/or any of the 190 defendants in the Underlying Cases, herein referred to as Does 61-250.

## VIII. VERIFICATION

35. I, Deborah Cooney, verify and declare that the factual statements in the foregoing Complaint are true and correct to the best of my knowledge and belief, under penalty of perjury under the laws of the United States.

Respectfully submitted,

Date: March 8, 2021

_____
Deborah Cooney, Plaintiff in Propria Persona