UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEBORAH COONEY,**<br>　　　　Plaintiff,<br>　　v.<br>**MOLLY C. DWYER, *et al.*,**<br>　　　　Defendants, | Case No.  4:21-cv-01721-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS DEFENDANTS DWYER & SOONG; VACATING CASE MANAGEMENT CONFERENCE**<br>Re: Dkt. No. 25 |

*Pro se* Plaintiff Deborah Cooney brings this action against over 140 defendants. At issue here are Cooney's claims against defendants Molly C. Dwyer and Susan Y. Soong. Now before the Court is a motion to dismiss the First Amended Complaint brought by defendants Dwyer and Soong. (Dkt. No. 25.) The motion is fully briefed by the parties. Having carefully considered the papers and the pleadings in this matter, and for the reasons set forth more fully below, the Court **HEREBY ORDERS** as follows: the motion to dismiss is **GRANTED WITH PREJUDICE**.

**I.   BACKGROUND**

In short, Cooney's First Amended Complaint identifies over 140 defendants, including former governors, businesses, a law firm, public agencies and officials, a city and county, and Dwyer and Soong, related to what she alleges is a fraud on the Court.

The claims against the defendants Dwyer and Soong concern several lawsuits filed by plaintiff in this District and the Ninth Circuit. *See* U.S. Northern District Case Nos. 4:18-cv-01860-JSW, 3:13-cv-0067-EMC, and 4:12-cv-06466-CW; Ninth Circuit Case No. 19-16180; *see also* FAC ¶ 20. Plaintiff's prior cases have been dismissed.

The First Amended Complaint alleges that "[t]his case arises out of the criminal and tortious conduct of rogue clerks, Defendants Dwyer, Soong, and/or Does 1-60 and 301-360, who

impersonated federal judges, forged the judges' signatures on orders, and filed the fraudulent and unauthorized orders in an Underlying Case." FAC ¶ 7; *see also id*. at ¶¶ 8–17. The First Amended Complaint invokes 42 U.S.C. § 1983, 42 U.S.C. § 1985-6, 18 U.S.C. § 1964(c), *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act. Plaintiff also complains that defendant Dwyer improperly dismissed an appeal and that defendant Soong did not forward documents to the Article III judge to whom her case was assigned.

### II. MOTION TO DISMISS

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding whether the plaintiff has stated a claim, a court must assume that the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A*., 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted). Leave to amend must be granted to a pro se litigant unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995).

#### A. Absolute and Quasi-Judicial Immunity

Generally, "[j]udges are absolutely immune from civil liability for damages for their judicial acts." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987). This has been extended to clerks of the court: "[t]he clerk of the court and the Circuit Executive are immune from suit under quasi-judicial immunity when they are engaged in such functions as '[t]he filing of exhibits and the processing of a request to withdraw an appeal[,] . . . tasks that are necessary to the judicial process.'" *Adams v. Comm. on Judicial*

*Conduct & Disability*, 165 F. Supp. 3d 911, 923 (N.D. Cal. 2016) (citation omitted); *see also In re Castillo*, 297 F.3d 940, 952-53 (9th Cir. 2002) (extending immunity to clerks and non-judicial officers and finding that clerks were immune when conduct concerned giving notice and scheduling hearings on the basis that that they are essential parts of the adjudicatory process). "The doctrine of absolute and quasi-absolute judicial immunity is expansive.  Grave errors or malicious act alone, or even an improper conspiracy by judicial officers, do not tear asunder this immunity." *Sanai v. Kozinski*, No. 4:19-cv-08162-YGR, 2021 WL 1339072, at *9 (N.D. Cal. Apr. 9, 2021).

Here, Cooney's allegations against defendant Dwyer concern the issuance of orders and the circulation of an *en banc* petition.  FAC ¶¶ 8, 9, 11, 22.  As to defendant Soong, the allegations concern reassignment of cases, issuance of orders, and default procedures.  FAC ¶¶ 12–16, 21–22. These are plainly tasks within the judicial process.  *In re Castillo*, 297 F.3d at 952–53 (managing the docket, scheduling, and noticing proceedings are part of the judicial function).  Therefore, defendants Dwyer and Soong are entitled to quasi-judicial immunity.

The motion to dismiss is **GRANTED** and the claims against defendants Dwyer and Soong are dismissed with prejudice.

### B. Sufficiency of the Pleadings

While the case can be disposed of on immunity grounds, the claims are not sufficiently plead and the motion to dismiss can be granted on this basis as well.

The standard for surviving a FRCP 12(b)(6) motion is set out above.  While courts do not require "heighted fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level," 550 U.S. at 555, 570, and the Court does not take conclusions, unreasonable inferences, and unwarranted deductions as true.

Even construing the *pro se* allegations liberally, there are insufficient factual allegations to raise the right to relief above speculation.  Cooney has not provided any basis for her assertions that defendants "impersonated federal judges, forged the judges' signatures on orders, and filed the fraudulent and unauthorized orders" that she alleges are at issue.  FAC ¶ 7.  These allegations are conclusory assertions without supporting facts.  Therefore, the sole assertions against

3

defendants Dwyer and Soong are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 685. The mere fact that plaintiff inserted a request for a "notarized verification of receipt" (FAC ¶ 9) says nothing as courts are not required to respond to personal requests and may merely issue orders authorized by law.

Further, plaintiff is advised that this district court runs electronically. The clerk of the court does not "forward" documents as may have been the case in the past. All judges can, and do, access filings electronically. Additionally, judges in this court use electronic signatures and electronic stamps. That a stamp may have been used by Magistrate Judge Spero does not indicate that defendant Soong acted without authorization or independently. To the extent that there was an improper action in a particular case, that issue should be addressed by way of motion in the case itself.

The same holds for her assertion that "all of the Defendants are fairly said to be state actors because of their close nexus, symbiotic relationships, and joint action with city, county, and state employees." FAC ¶ 19. These are conclusions. She has not stated any sufficient facts concerning Dwyer and Cooney to raise her claim beyond speculation. While she tries to use these conclusions to impute 1983 liability on defendants Dwyer and Cooney, it is well established that federal defendants cannot be liable pursuant to 1983. *Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1342 (9th Cir. 1997) ("We take this opportunity to remind the Bar that by its very terms, Section 1983 precludes liability in federal government actors.").

The Court recognized that, as a general rule, leave to amend should be granted freely to *pro se* plaintiffs. However, the Court concludes that it would be futile to grant plaintiff leave to file a second amended complaint given the ruling concerning quasi-judicial immunity.

### III.   CASE MANAGEMENT

The case management conference in this action is **VACATED** until further notice. Until defendants have been served and answered the complaint, the Court need not set a case management schedule.

Having reviewed the First Amended Complaint, plaintiff is advised that the Court does not have legal jurisdiction over matters which did not occur in this district, in particular, San Diego is

4

not in this district.

This Order terminates Dkt. No. 25.[1]

**IT IS SO ORDERED.**

Dated: October 12, 2021

                                                        YVONNE GONZALEZ ROGERS
                                                        UNITED STATES DISTRICT COURT JUDGE

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Accordingly, the clerk of the Court shall **VACATE** the hearing set for October 26, 2021.