UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEBORAH COONEY,**<br>　　　　　Plaintiff,<br>　　v.<br>**CITY OF SAN DIEGO, ET AL.,**<br>　　　　　Defendants. | Case No.  4:21-cv-01721-YGR<br><br>**ORDER DISMISSING CASE WITHOUT LEAVE TO AMEND; DENYING MOTION FOR PRELIMINARY INJUNCTION AS MOOT** |

　　　　Pro se plaintiff Deborah Cooney has filed a motion for preliminary injunction seeking to prevent all of the defendants from wrongfully arresting, detaining, imprisoning, or involuntary hospitalizing plaintiff.  (Dkt. No. 268 at 1.)  In filing this sweeping motion, plaintiff requests that the Court take judicial notice of "all documents filed in [the underlying lawsuits implicated in her complaint], all federal and state habeas, civil, criminal, restraining order, eviction, and other proceedings related to the Complaint."  (*Id*. at 3.)

　　　　As the parties are aware, there are over thirty pending motions to dismiss in this case. Those motions raise myriad meritorious defenses, including without limitation, lack of personal jurisdiction or improper venue, preclusion, and failure to state a claim.  While plaintiff diligently responded to the motions, her oppositions extensively copied one another.  Familiar with the pending motions, the allegations in the First Amended Complaint ("FAC"), and having considered plaintiff's pending motion for preliminary injunction, the motion improperly seeks to litigate the pending motions to dismiss in the guise of a motion for preliminary injunction.  Since the deficiencies with plaintiff's FAC are ripe for determination, the Court **HEREBY ORDERS** that plaintiff's case is **DISMISSED WITHOUT LEAVE TO AMEND** and the pending motion for

preliminary injunction is denied as **MOOT**.[1]

## I. BACKGROUND

In short, plaintiff's FAC identifies over 140 defendants, including former governors, businesses, law firms, lawyers, public agencies and officials, unions, cities and counties, landlords, and judicial officers. While not entirely clear from the face of the FAC, defendants are primarily from Florida, California, and West Virginia. One defendant also appears to be a resident of Mexico.

Based upon a liberal and generous construction of plaintiff's shotgun pleading, especially given her pro se status, the Court is hard-pressed to find a plausible common glue amongst the sprawling, confusing, and conclusory allegations. Plaintiff's FAC and opposition briefs demonstrate her intent to allege what she has deemed "intrinsic and extrinsic fraud on the courts." (FAC ¶ 1.) Pursuant to the FAC, "[a]ll of the Defendants participated in all of the wrongdoing and crimes stated herein" in the FAC "because all of the Defendants worked together to defraud the Courts, to injure and harm the plaintiff, and to abridge her rights." (*Id*. ¶ 33.) As alleged, those wrongdoings are extensive. For instance, "[a]ll of the defendants conspired to deprive Plaintiff of liberty, work, health, housing, mail delivery, legal representation, police protection, justice, transportation, communication, access to telephone and computer, libraries, food, gasoline, water, electricity, and other goods and services." (*Id*. ¶ 25.) How were these allegations carried out? As alleged, all defendants subjected "Plaintiff to illegal stop and frisk, false arrest, false imprisonment, malicious prosecution, battery, radiation injury, and forcible drugging" through "trespass, theft, burglary, vandalism, extortion, racketeering, [] mail fraud . . . defam[ation] and slandering, [as well as] lying about her health, words, and actions." (*Id*.)

Construing the FAC with a liberal lens, plaintiff tries to tie various categories of events together to raise an inference that there is intrinsic and extrinsic fraud on the court. Tying these categories together based upon the allegations demonstrates how sprawling and disconnected

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that the motions are appropriate for decision without oral argument.

many events are. First, plaintiff alleges that she was entitled to relief in four "Underlying Cases" that she had filed in various courts of law, including in California, Florida, and West Virginia. (*Id*. ¶ 20-24.) Some allegations suggest that there are other lawsuits, however, the scope, timing, and outcome of those proceedings are incomprehensible as alleged. Without limiting the allegations in the FAC, plaintiff alleges that court orders were unlawfully issued without authorization, false statements were made in those proceedings by the parties or their counsel, judicial officers were unduly influenced, and counsel failed to sufficiently represent her interests. Second, plaintiff challenges her prior arrests and/or prosecutions, including without limitation, that they lacked probable cause and were based upon false information. Third, plaintiff challenges the conditions of her confinement while she was incarcerated, including without limiting, being subjected to defective telephone equipment that caused her radiation injury, being deprived access to showers, being injected with unknown substances, and being exposed to other personal injury. Fourth, plaintiff's FAC alleges that various utility companies caused her harm through radiation exposure and/or denied her access to telephone services. Fifth, plaintiff asserts that retailers blocked her access to various goods and services and that she was subjected to false arrest or detention stemming from plaintiff's efforts to access or use the various services. Sixth, various insurance carriers allegedly denied plaintiff coverage for damages causes from the defendants. Seventh, plaintiff alleges that various prospective and current employers wrongfully terminated or denied plaintiff employment based upon false information concerning her background. Eighth, landlords allegedly prevented her from using her home, which included accessing important court documents and other valuables, which plaintiff alleges were improperly retained.

In light of the foregoing, plaintiff alleges that she brings her suit pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, as well as 18 U.S.C. § 1964. It also alleges that the defendants' conduct was criminal conduct proscribed by 18 U.S.C. §§ 201, 241-2, 1341, 1343, 1346, 1347, 1349, and 1961-2.

## II.     LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc*., 349 F.3d 1191, 1199 (9th Cir. 2003). To survive a motion to

dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, (2007)). That requirement is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Id*. In evaluating a motion to dismiss under Rule 12(b)(6), the Court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff. *Johnson v. Lucent Techs., Inc*., 653 F.3d 1000, 1010 (9th Cir. 2011). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Claims sounding in fraud must further meet the particularity requirements of Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) "requires . . . an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted). In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns*, 567 F.3d at 1124. Furthermore, "Rule 9(b) does not allow a complaint to . . . lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (citation and quotation marks omitted)

Leave to amend must be granted to a pro se litigant unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995).

4

### III. DISCUSSION

As demonstrated by many of the motions to dismiss, plaintiff's entire FAC can be dismissed for violating Federal Rule of Civil Procedure 8(a). That rule provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim." Fed. R. Civ. P. 8(a). Courts routinely dismiss complaints such as plaintiffs that are convoluted and difficult to follow for failure to comply with that rule. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges."); *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (recognizing that complaints can be dismissed for failure to comply with Rule 8(a) and noting the plaintiff's complaint had been dismissed for failure to comply); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal where complaint was "verbose, confusing and almost entirely conclusory").

Notably, plaintiff is well aware of this rule. In 2018, plaintiff filed a similar complaint spanning ninety defendants, approximately ten years, three states, and one foreign country. Her complaint was dismissed against all defendants. *See, e.g.*, *Cooney v. City of San Diego*, Case No. 18-cv-01860-JSW, 2019 WL 11340107 (N.D. Cal. March 18, 2019). The Ninth Circuit subsequently dismissed her appeal as frivolous. *Cooney v. City of San Diego*, No. 19-16180, 2019 U.S. App. LEXIS 31368 (9th Cir. Oct. 21, 2019). Disagreeing with the outcome of that case, plaintiff now seeks to attack it through subsequent litigation, claiming that it contributed to the fraud on the court. Plaintiff is precluded from relitigating her claims. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action . . . whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (cleaned up). "Suits involve the same claim (or cause of action) when they aris[e] from the same transaction, or involve a common nucleus of operative facts." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595 (2020) (cleaned up). The Court has no doubt that plaintiff's theory of fraud on the court is identical to her prior litigation.

Even construing plaintiff's claim liberally, her fraud on the courts claim, which the Court construes as an effort to bring a RICO claim, also fails. Under federal law, civil liability can be imposed on persons and organizations engaged in a "pattern of racketeering activity." 18 U.S.C. § 1962(c). In general, racketeering activity includes a number of generically-specified criminal acts, as well as the commission of various predicate offenses. 18 U.S.C. 1961(1). The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). Plaintiff must meet Rule 9(b)'s heightened pleading standard to state a RICO claim. *Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 541 (9th Cir. 1989). Plaintiff does not come remotely close to meeting this heightened standard, which even based upon the Court's experience, is exacting in the context of RICO claims.

In any event, plaintiff's conclusory and inconsistent allegations do not sufficiently allege the existence of an enterprise. The Supreme Court has defined an associated-in-fact enterprise as "a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981). "To establish the existence of such an enterprise, a plaintiff must provide both 'evidence of an ongoing organization, formal or informal,' and 'evidence that the various associates function as a continuing unit.'" *Odom v. Microsoft Corp*., 486 F.3d 541, 553 (9th Cir. 2007) (en banc) (citation omitted). Each defendant here has engaged in disparate and independent activities spread out over years. There is simply no common glue apart from plaintiff, who alleges in a sprawling fashion that she has been harmed by anything and everything.

Furthermore, to the extent plaintiff's FAC is premised upon various criminal theories, such as obstruction of justice or perjury, there is no private right of action. *See Najarro v. Wollman*, No. C 12-1925 PJH, 2012 WL 1945502, at *3 (N.D. Cal. May 30, 2012) (dismissing claims of "obstruction of laws," "obstruction of justice," and "perjury" because "there is no private right of action for any of those claims") (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes generally "provide no basis for civil liability")).

The above reasons are sufficient to dismiss plaintiff's entire claim with prejudice. There is

simply no basis for her to state the fraud on the court theory she believes in. This is evident by years of litigation rejecting her claims. Amendment would be futile and such a dismissal is appropriate even as to defendants that have yet to appear due to lack of service. *See, e.g.*, *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared.").

## IV. CONCLUSION

In light of the foregoing, plaintiff's FAC is **DISMISSED WITHOUT LEAVE TO AMEND**.[2] Unable to state a claim, plaintiff's motion for preliminary injunction is **DENIED AS MOOT**.

This Order terminates all pending motions in the case. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

Dated: June 6, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Other deficiencies plague plaintiff's FAC. For instance, the dozens of judicial officers and officials that she sues are entitled to absolute judicial immunity. As to many other defendants, there is simply no nexus to this forum at all. Personal jurisdiction is lacking. The Court raised these deficiencies for plaintiff in its first order and she simply disregard them and proceeded with her frivolous claim.

The Court notes that a motion to set aside default was filed by pro se defendant Dominick Addario, M.D. (Dkt. No. 221.) That motion is **GRANTED** and he is similarly dismissed from the case. Doctor Addario was served through a CPA and his failure to respond was not culpable. There is a strong preference for resolving cases on their merits. *See, e.g.*, *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible.").